**Richard J. LAUGINIGER, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 90–1154.**

United States Court of Veterans Appeals.

Feb. 19, 1993.

Richard J. Lauginiger, pro se.

James A. Endicott, Jr., Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Craig M. Kabatchnick, Washington, DC, were on the pleadings, for appellee.

Before KRAMER, HOLDAWAY and IVERS, Associate Judges.

KRAMER, Associate Judge:

Appellant appeals from a July 27, 1990, decision of the Board of Veterans' Appeals (BVA) which denied entitlement to service connection for carcinoma of the skin and arthritis due to exposure to ionizing radiation. We affirm the BVA's decision as the record on appeal fails to show that appellant was exposed to ionizing radiation while in service.

## I.

Appellant served on active duty from August 1955 to May 1959. R. at 115. As a nuclear weapons mechanics specialist, appellant serviced, repaired, modified, and dismantled nuclear bombs from August 1956 to March 1959. R. at 3. Appellant states that after one such mission someone checked him with a geiger counter and "it clicked pretty good." R. at 9. He further states he was then taken to an empty part of a military hospital, his clothes were taken away and destroyed, and he was isolated in a private hospital room. R. at 9–10. On March 3, 1987, appellant was examined by Dr. Ronald J. Stanley, a private physician, who noted that appellant had skin lesions on the hands, arms, and face, and stated:

that the solar keratoses [a growth similar to warts which usually occurs in the middle-aged or elderly, and may become malignant, DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 875 (27th ed. 1988)] he has on his skin are normally caused by chronic sun exposure. However[,] I did mention to him that chronic or high dose x-ray therapy can also cause these lesions. However[,] I simply have not had any experience with exposure to nuclear radiation and I[,] therefore[,] do not feel qualified to state whether or not these lesions might have been ... totally or partially caused by the exposure to nuclear radiation many years ago."

R. at 112. A pathology report, dated March 4, 1987, stated that the lesions consisted of basal cell epithelioma and squamous cell carcinoma. R. at 47. At a Veterans' Administration (now Department of Veterans Affairs) (VA) compensation examination, on June 25, 1987, appellant was examined by a dermatologist, Dr. Joseph Jorizzo, who stated:

It is clear that radiation exposure, if significant, (I am unable to judge the amount of exposure which the patient received) can work synergistically with ultraviolet light to induce additional squamous cell and basal cell carcinomas. Both types of tumors have been well described in sites of radiation exposure. It is impossible to judge how much of a component of the tumors that the patient had was related to sun alone versus what would be related to sun plus radiation. It would be up to the rating board to review the amount of radiation that the patient received and the relevance of this exposure in terms of his previous cutaneous tumors....

R. at 54. On October 26, 1987, the Department of the Air Force furnished appellant's DD Form 1141, "Record of exposure to ionizing radiation," to the VA. This record contained entries of measurements of appellant's alpha radiation exposure for the months of March to May 1957, July 1957, and October 1958, which listed the accumulative total dose of radiation received as zero. R. at 49.

Dr. Roger Shannon, Director of the VA Radiology Service performed a radiation review pursuant to 38 C.F.R. § 3.311b (1991) and, in a letter dated January 25, 1989, stated:

1. This veteran received a maximum radiation dose of none at the age of 19 years while in military service. His dose was determined by film badge measurement. Thirty years later he developed skin cancer.

2. Skin cancer is ordinarily considered a possible result to fairly high doses only (50 rads or more). This veteran has received no definite radiation dose.

3. Therefore, since this is the case, it is unlikely that this disease was caused by radiation while in military service.

R. at 125. On February 17, 1989, J.G. Hickman, Director, VA Compensation and Pension Service, stated, in pertinent part, "As a result of [the radiation review] and following review of the evidence in its entirety, it is our opinion that there is no reasonable possibility that the veteran's disability was the result of such exposure." R. at 127.

In June 1989, appellant filed a VA Form 1–9, "Appeal to the BVA." He stated, in pertinent part, "I have a radiation exposure reading of .08 rads," and also averred that some of his records had been altered by the Air Force and some were missing. R. at 143. On July 27, 1990, the BVA denied

appellant's claim and stated, in pertinent part, "[A] computer indicator failed to measure any alpha radiation exposure between March 1957 and October 1958. A DT–60 reading .08 was noted in March 1957, but the accumulative dose of ionizing radiation was reported as zero." *Richard J. Lauginiger*, BVA 91–____, at 2 (July 27, 1990). In its "DISCUSSION AND EVALUATION" section, the BVA stated

> Arthritis is not a recognized radiogenic disease as defined by applicable laws and regulations. Carcinoma of the skin is a recognized radiogenic disease, but the record fails to show that the veteran was exposed to appreciable ionizing radiation during service.... It is the Board's judgment that the disabilities at issue are not etiologically related to any incident of service, including the contended exposure to ionizing radiation.

*Lauginiger*, BVA 90–____, at 5. A timely appeal to this Court followed.

## II.

Regarding appellant's skin cancer, neither Dr. Stanley nor Dr. Jorizzo had an opinion as to whether radiation exposure might have caused the condition. Dr. Stanley stated that he did not have any experience with nuclear radiation exposure cases and did "not feel qualified to state whether or not these lesions might have been ... caused by the exposure to nuclear radiation many years ago." R. at 112. Dr. Jorizzo stated that significant radiation exposure "can work synergistically with ultraviolet light to induce additional squamous cell and basal cell carcinomas," but he was "unable to judge the amount of exposure which [appellant] received." R. at 54.

■ Carcinoma of the skin is not a disease recognized under 38 C.F.R. § 3.309(d) (1991), entitling appellant to presumptive service connection. While it is a radiogenic disease under 38 C.F.R. § 3.311b(a)(2) and the procedures required by § 3.311b were complied with, compliance did not result in the development of any evidence to support a determination of service connection. Neither the DD Form 1141, nor appellant's service medical records, nor any other evidence in the record demonstrates exposure to ionizing radiation.

■ Arthritis is not a recognized radiogenic disease and thus, cannot be service connected based on exposure to ionizing radiation. *See Combee v. Principi*, 4 Vet. App. 78 (1993); 38 C.F.R. § 3.311b(a)(2).

■ Finally, as to the VA's averred failure to locate the balance of appellant's exposure record, while it is true that the DD Form 1141 may not be complete, it was the document furnished to the VA by the Department of the Air Force pursuant to 38 C.F.R. § 3.311b(a)(2)(iii). To the extent that the document may be incomplete, it is the Air Force, not the VA, to whom appellant must look for relief under the appropriate provision for correction of military records. *See* 10 U.S.C.A. § 1552(a)(1) (West Supp.1992) (the Secretary of a military department may correct any of his department's military records "to correct an error or remove an injustice").

The decision of the BVA is AFFIRMED.