**John A. DeSOUSA, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 91–259.**

United States Court of Veterans Appeals.

April 19, 1993.

John A. DeSousa, pro se.

James A. Endicott, Jr., Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Jacqueline E. Monroe, Washington, DC, were on the pleadings, for appellee.

Before FARLEY, HOLDAWAY and STEINBERG, Associate Judges.

STEINBERG, Associate Judge:

The pro se appellant, veteran John A. DeSousa, appeals from the December 11, 1990, decision of the Board of Veterans' Appeals (BVA or Board) denying his claim for entitlement to an additional change of program for receipt of educational assistance allowance under chapter 34 of title 38, United States Code [hereinafter referred to as "education benefits"]. *John A. DeSousa*, BVA 90–41831 (Dec. 11, 1990). The Secretary of Veterans Affairs (Secretary) has filed a motion for summary affirmance, which will be denied because the case is not one "of relative simplicity". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). For the reasons set forth below, the Board's decision will be vacated and the matter remanded for readjudication.

### I. BACKGROUND

The veteran served on active duty in the Army from July 1976 to November 1981.

R. at 1. Although he received a discharge "under conditions other than honorable", in April 1985 a Veterans' Administration (now Department of Veterans Affairs) (VA) regional office (RO) entered a determination that his service from July 1976 to March 1979 entitled him to an unconditional discharge pursuant to 38 C.F.R. § 3.13(c) and that he was entitled to VA benefits based on that period of service. R. at 6.

In July 1980, while he was on active duty, the VA awarded the veteran education benefits for his enrollment in a correspondence course in "Digital Electronics" offered by the National Radio Institute (NRI). Supp.R. at 1, 4. In October 1984, he applied for education benefits in order to enroll in the "A.S. [Associate of Science] Computer Sci[ence]" program at Austin Peay State University, in Clarksville, Tennessee; the veteran's stated goal was to become a computer technician. Supp.R. at 5, 7. In April 1985, before the RO had acted on this application, Austin Peay submitted a VA Enrollment Certification form which listed the veteran's program of study as "A.O.S. [Associate of Science], Elec Tech". R. at 10. Later that month, the VARO granted the requested educational assistance allowance. The April 29, 1985, letter notifying the veteran of the decision stated: "Initiation of this program will be your first and only optional change of program. Another change of program cannot be approved unless it is shown to be suitable to your aptitudes, interests and abilities." Supp.R. at 11.

Nine months later, in February 1986, the veteran filed another application for education benefits, this time for a correspondence course in "Microcomputers and Microprocessors" given by NRI. On the application, he stated his goal as becoming an "Electronics Technician and Computer Program[m]er". Supp.R. at 13. In the box labeled "REASON FOR CHANGING COURSE OR PLACE OF STUDY", he wrote: "Unable to [p]rogress to my satisfaction". *Ibid.* In May 1986, upon the RO's request, the veteran completed a VA Form 28–1902 (Supplemental Information for Change of Program), stating that the "electronics technician" program at Austin Peay had cost too much money and that he was "not learning anything". Supp.R. at 17. In June 1986, apparently after he had submitted another request for education benefits for his NRI course work and another Form 28–1902, the veteran, in reply to the question "What did you like or dislike about your first program using VA benefits?", gave the following response concerning his "electronic tech" program at Austin Peay: "Not learning enough[ ] for the money". Supp.R. at 20. In October 1986, the RO approved education benefits for his NRI Microcomputers and Microprocessors course. Supp.R. at 22.

In October 1988, the veteran filed another request for education benefits, this time to take 72 credits in computer programming and 12 credits in general education at CareerCom Junior College of Business in Hopkinsville, Kentucky (CCJC). Supp.R. at 23. He stated the reason for the requested change as "No assistant on this course[. T]his is the second time." *Ibid.* In a January 1989 letter, the RO informed him: "Another change may be authorized *only* if it is necessary because you were unable to complete your *last* training program due to circumstances beyond your control." Supp.R. at 24 (emphasis in original). As requested, he filled out another Form 28–1902, stating on it that he did not complete his NRI "Micro[ ]electronics" course "because of bad service from school on money and school supplies". He added: "I am sorry about all this trouble, but the first two programs [were] about the same thing, but this program would put [me] into computer repair and program[m]er." Supp.R. at 25.

In March 1989, the RO denied the requested education benefits, finding that the evidence of record did not show that the "previous changes of program" had been beyond the veteran's control. Supp.R. at 27. In April 1989, he filed a Notice of Disagreement with the RO's decision, and in May 1989 he filed another application for education benefits for his CCJC courses; he listed the program as "Associate of Specialized Business Degree—Computer Programming Major". Supp.R. at 28. A VA

enrollment certificate dated June 1989 showed that CCJC had awarded him 27 credits for prior training and experience. Supp.R. at 31. In his July 1989 VA Form 1–9 (Appeal to the BVA), the veteran stated: "The changes of places of training [were] due to lack of cooperation on the schools' part." R. at 13. He also took issue with the March 19, 1989, delimiting date given by VA in the June 1989 Statement of the Case, asserting that the correct date was December 31, 1989. *Ibid.*

In January 1990, the veteran testified under oath at a personal hearing held at the Nashville, Tennessee, RO. He stated that when he began his studies with NRI in 1980 his career goal was "electronics and . . . computer programming or repair". R. at 18. He stated that after he had encountered unspecified problems with NRI's financial personnel, and after "the teachers wouldn't respond to some of my letters", he enrolled at Austin Peay, where he sought to "refresh my background on some knowledge in electronics". *Ibid.* He further stated his belief that his courses at Austin Peay, NRI, and CCJC all led to his career goal of computer repair and programming and said that he would receive an Associate of Science degree from CCJC in July 1990. R. at 19–20.

In its December 1990 decision denying the veteran's claim, the BVA stated:

Despite the veteran's argument that his proposed course leading to an Associate's degree in Computer Programming is a continuation of his education in the computer repair field, it is clear that, when compared to the correspondence course in Microcomputers and Microprocessors, the veteran's proposed Associate's degree program leads to a different vocational objective and requires a change in the type of courses required to obtain that objective.

*DeSousa,* BVA 90–41831, at 6. Further, the Board stated that it had considered his statement that he had discontinued his NRI course due to "bad service" from the school, but concluded, without specification of reasons, that the change of program was "not necessitated by circumstances beyond the veteran's control." *Id.* at 7. Fi-

nally, the Board noted, "for the veteran's benefit", that the CCJC course had started in May 1989, after his delimiting date, noting also that chapter 34 education benefits had expired' for all veterans on December 31, 1989. *Ibid.*

## II. ANALYSIS

### A. Change of Program

The Court notes that the statutory and regulatory provisions applicable to changes in program by VA education benefits recipients have been changed twice since the Board's December 1990 decision in this case.

In its decision denying the veteran's claim, the Board relied upon the following then-current provisions of 38 C.F.R. § 21.-4234(a) (1990):

(a) *Definition.* A change of program consists of a change in the educational, professional or vocational objective for which the veteran or eligible person entered training and a like change in the type of courses required to attain a new objective.

Pursuant to subsection 21.4234(c), the recipient of chapter 34 education benefits "may make one optional change of program if his or her previous course was not interrupted due to his or her own misconduct, neglect or lack of application." 38 C.F.R. § 21.4234(c) (1992). Pursuant to section 21.4234(d)(2)(i), (ii), the VA "will approve" a subsequent change of program (1) if, inter alia, the program for which the veteran seeks approval is "suitable to his or her aptitudes, interests, and abilities", and (2) where the veteran had

interrupted, or failed to progress in his or her program due to his or her own misconduct, neglect or lack of application, [if] there is a reasonable likelihood with respect to the program the veteran or eligible person proposes to pursue that there will not be a recurrence of such an interruption or failure to progress. . . .

38 C.F.R. § 21.4232(d)(2)(i), (ii) (1992). A third or subsequent change of program made on or before May 31, 1991, is subject

to the provisions of subparagraph (3) of section 21.4232(d):

(3) The Department of Veterans Affairs may approve a third or subsequent change of program if applicable conditions of paragraph (d)(2) of this section are met and the additional change or changes are necessitated by circumstances beyond the control of the veteran or eligible person. Circumstances beyond the control of the veteran or eligible person include, *but are not limited to—*

(i) The course being discontinued by the school when no other similar course leading to the same objective is available within normal commuting distance.

(ii) Unexpected financial difficulties preventing completion of the last program because of the overall cost of the program needed to reach the objective, [sic] or

(iii) The veteran or eligible person being required to relocate because of health reasons in an area where training for the last objective is not available within normal commuting distance.

38 C.F.R. § 21.4232(d)(3) (1992) (emphasis added); *see* Department of Veterans Affairs Nurse Pay Act, Pub.L. No. 101–366, § 208, 104 Stat. 430, 434 (Aug. 15, 1990) (giving Secretary broad authority to approve program changes); 57 Fed.Reg. 29,-026–27 (1992) (to be codified at 38 C.F.R. § 21.4232(d)(4) (1992)) (providing that third or subsequent changes of program occurring after May 31, 1991, will be subject "only" to "the applicable provisions" of § 21.4232(d)(2)).

On September 4, 1992, while this case was pending before the Court, the Secretary published a final regulation revising paragraph (a) of section 21.4234 to read as follows:

(a) *Definition.* (1) Except as provided in paragraph (a)(2) of this section, a change of program consists of a change in the educational[,] professional or vocational objective for which the veteran or eligible person entered training.

(2) VA does not consider any of the following to be changes of program[:]

(i) A change in the type of courses needed to attain a vocational objective.

(ii) A change in the veteran's or eligible person's educational, professional or vocational objective following the successful completion of the immediately preceding program of education, [sic] or

(iii) A return to the veteran's or eligible person's prior educational, professional or vocational objective following a change in program.

57 Fed.Reg. 40,613 (1992) (to be codified at 38 C.F.R. § 21.4234(a)). Subsequent to the Secretary's promulgation of this revised definition of "change of program", a law was enacted on October 29, 1992, modifying the underlying statutory authority for that regulation, 38 U.S.C.A. § 3691(d) (West 1991), which had provided: "As used in this section the term 'change of program of education' shall not be deemed to include a change from the pursuit of one program to the pursuit of another where the first program is prerequisite to, or generally required for, entrance into pursuit of the second." *Ibid.* Section 317 of the Veterans' Benefit Act of 1992, Pub.L. No. 102–568, 106 Stat. 4320, 4334 (1992), amended title 38 section 3691(d) to read as follows:

(d) For the purposes of this section, the term "change of program of education" shall not be deemed to include a change by a veteran or eligible person from the pursuit of one program to the pursuit of another program if—

(1) the veteran or eligible person has successfully completed the former program;

(2) the program leads to a vocational, educational, or professional objective in the same general field as the former program;

(3) the former program is a prerequisite to, or generally required for, pursuit of the subsequent program; or

(4) in the case of a change from the pursuit of a subsequent program to the pursuit of a former program, the veteran or eligible person resumes pursuit of the former program without loss of credit or standing in the former program.

In *Karnas v. Derwinski*, 1 Vet.App. 308, 313 (1991), the Court held that

> where the law or regulation changes after a claim has been filed or re-opened but before the administrative or judicial appeal process has been concluded, the version most favorable to appellant should and we so hold will apply unless Congress provided otherwise or permitted the Secretary of Veterans Affairs ... to do otherwise and the Secretary did so.

Congress has not provided for the nonretroactivity of the amendment to statutory section 3619, nor has the Secretary so provided as to the revision to regulatory section 21.4234. Accordingly, the Court holds that a remand is required for the Board to readjudicate the appellant's claim in light of the recent enactment of Public Law 102–568, the publication of revised section 21.-4234, and this Court's opinion in *Karnas, supra.* On remand the Board must determine, with an accompanying "statement of reasons or bases" (38 U.S.C.A. § 7104(d)(1) (West 1991)), whether the veteran's course of study at CCJC constituted a change of program. If it answers this question in the affirmative, the Board must then determine, with an accompanying statement of reasons or bases (*ibid.*), whether the veteran's change in program was, pursuant to 38 C.F.R. § 21.4232(d)(3), "necessitated by circumstances beyond [his] control".

### B. Delimiting Date

On July 30, 1992, the Court ordered the Secretary to file a memorandum of law addressing, inter alia, whether the present appeal was moot "if the training in question occurred 'after [appellant's] delimiting date had passed', as the Board concluded?" In his October 7, 1992, response, the Secretary states that, pursuant to 38 C.F.R. §§ 21.1040, 21.1042, the veteran's delimiting date was July 26, 1989, not March 19, 1989, as stated in the BVA decision, thus placing the start of the veteran's CCJC course prior to the delimiting date. On remand, the Board must address this matter and determine, with an accompanying statement of reasons or bases, the correct delimiting date for the veteran's education benefits.

### III. CONCLUSION

Upon consideration of the record and the pleadings of the parties, the Court vacates the December 11, 1990, BVA decision and remands the matter to the BVA for readjudication, in accordance with this opinion, on the basis of all evidence and material of record, and issuance of a new decision supported by an adequate statement of reasons or bases. *See* 38 U.S.C.A. § 7104(a), (d)(1) (West 1991); *Gilbert v. Derwinski*, 1 Vet.App. 49, 56–57 (1990); *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991). "On remand, the appellant will be free to offer additional evidence and argument". *Quarles v. Derwinski*, 3 Vet.App. 129, 141 (1992). A final decision by the Board following the remand herein ordered will constitute a new decision which may be appealed, if adverse, to this Court only upon the filing of a new Notice of Appeal with the Court not later than 120 days after the date on which notice of the new final Board decision is mailed to the appellant.

VACATED AND REMANDED.