# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 00-1888

JACOB WANNER,                                              APPELLANT,

AND

No. 01-1012

KING L. WRIGHT,                                            APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                            APPELLEE.

Before IVERS, STEINBERG, and GREENE, *Judges.*

## O R D E R

In a February 12, 2003, consolidated opinion, this Court vacated two separate Board of Veterans' Appeals (Board) decisions regarding the service-connected tinnitus of appellants Jacob Wanner and King L. Wright. *Wanner v. Principi*, 17 Vet.App. 4 (2003). Those Board decisions (dated June 7, 2000, and February 20, 2001, respectively) denied the appellants, inter alia, (1) assignment of an earlier effective date (EED) prior to June 10, 1999, for the award of a compensable rating for tinnitus; and (2) separate disability ratings for tinnitus for each ear. The Court remanded both cases to the Board for readjudication of these issues. *Id.* at 18-19.

The Board had denied the appellants' claims on the grounds, inter alia, that (1) the diagnostic code (DC) for tinnitus (DC 6260) did not provide for separate ratings for each ear; and (2) prior to June 10, 1999, DC 6260 had required that tinnitus be a symptom of "head injury, concussion[,] or acoustic trauma" (38 C.F.R. § 4.87(a) DC 6260 (1998)) [hereinafter "the trauma requirement"] in order to be assigned a compensable rating; because the appellants' tinnitus was not a symptom of trauma, the Board denied them compensable ratings for tinnitus prior to June 10, 1999, when the Department of Veterans Affairs had removed the trauma requirement. The appellants argued, inter alia, that the Board had misinterpreted DC 6260 in regard to the allowance of separate ratings for each ear, and asserted also that the trauma requirement of pre-1999 DC 6260 was unconstitutional and contrary to the statutory rights provided by 38 U.S.C. § 1110. As to the separate ratings matter, this Court held that the Board, in failing to discuss 38 C.F.R. § 4.25(b) in relation to DC 6260, had ignored a regulation "potentially applicable" to the appellants' claims for separate tinnitus ratings for each ear, and had thus failed to provide an adequate statement of reasons or bases for its decision.

*See* 38 U.S.C. § 7104(a), (d)(1). As to both appellants, the Court remanded the matter in each case for readjudication in light of § 4.25(b) under both the pre-1999 and current DC 6260. *Wanner*, 17 Vet. App. at 13.

As to the trauma requirement, the Court remanded the appellants' claims on separate grounds. Appellant Wanner argued that the Court should invalidate the trauma requirement in DC 6260 because it violated the statutory rights provided by 38 U.S.C. § 1110 and because the trauma requirement created an "unconstitutional classification". As a preliminary matter, the Court first concluded that a review of DC 6260 for consistency with section 1110 did not constitute a review of the rating schedule that was prohibited by 38 U.S.C. § 7252(b) because the review was limited to whether that DC was "in violation of a statutory right" or "not in accordance with law" as provided by 38 U.S.C. § 7261(a)(3)(C). *Wanner*, 17 Vet.App. at 14-15. The Court then held that the trauma requirement in pre-1999 DC 6260 was invalid (1) because the requirement was inconsistent with the plain meaning of section 1110 and thus "in violation of a statutory right" and (2) because the requirement constituted "arbitrary and capricious rulemaking" on the ground that, inter alia, the Secretary had provided no explanation in the course of his rulemaking as to why the trauma requirement had existed or why it was removed. *Wanner*, 17 Vet.App. at 18; *cf. Smith (Ellis) v. Principi*, 17 Vet.App. 168 (2003) (per curiam order) (reversing as arbitrary and capricious that part of Board decision that determined that appellant's tinnitus was not "persistent" as required by pre-1999 DC 6260 because "persistent" in pre-1999 DC 6260 and "recurrent" in current DC 6260 appear to have overlapping definitions and because Secretary failed to include a manageable definition of "persistent" in the DC). The Court declined to address the constitutional issue because it was unnecessary to do so in light of the Court's having found the trauma requirement violative of the statute. *Id*. at 14.

As to appellant Wright, the Court concluded that the Board had failed to provide an adequate statement of reasons or bases when it failed to address, as required by *DeSousa v. Gober*, 10 Vet.App. 461 (1997), whether Mr. Wright would receive a more favorable outcome under pre-1999 DC 6260. The Court remanded Mr. Wright's EED claim for readjudication on that issue, noting that, on remand, "the Board is also bound by this opinion's holding . . . that the trauma requirement in pre-1999 6260 is invalid." *Wanner*, 17 Vet.App. at 17.

The Secretary subsequently appealed the DC 6260-invalidation matter to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit). On June 2, 2004, the Federal Circuit held that this Court had acted "outside of its jurisdiction" when it had reviewed DC 6260 and reversed this Court's decision to strike the trauma requirement from pre-1999 DC 6260. *Wanner v. Principi*, 370 F.3d 1124, 1131 (Fed. Cir. 2004). The Federal Circuit remanded the matter for this Court to address the constitutional issue presented but not addressed previously. *Ibid*. The Federal Circuit did not disturb this Court's remand to the Board for consideration of § 4.25(b). The Federal Circuit issued its mandate on July 26, 2004, and these cases are therefore now back before this Court.

On consideration of the foregoing, it is

2

ORDERED that, not later than 30 days after the date of this order, the appellants file, and serve on the Secretary, a supplemental brief addressing what action the Court should now take in light of the Federal Circuit's June 2, 2004, opinion, including arguments on the above constitutional question and whether the Court should sever the § 4.25(b) matter and remand as to that matter in either case or both cases before the Court considers and decides the constitutional question presented. It is further

ORDERED that any interested amicus curiae may file a supplemental brief within the time afforded to the appellants and, if so, shall serve that pleading on the Secretary. It is further

ORDERED that, not later than 30 days after service of the appellants' supplemental brief, the Secretary file, and serve on the appellants and any amicus curiae who has filed a supplemental brief, a supplemental response. It is further

ORDERED that, the appellants and any amicus curiae, not later than 14 days after service of the Secretary's supplemental response, may file a supplemental reply and, if so, shall serve the reply on the Secretary.


DATED:     September 3, 2004                    PER CURIAM.